UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-22440-CIV-MORENO

STRIKE 3 HOLDINGS, LLC, a limited liability
company,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP address
104.5.241.158, an individual,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [DKT. 8]**

**I.   INTRODUCTION**

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff") respectfully requests this Court reconsider its October 16, 2018 summary order denying Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion").  Dkt. 8.  Undersigned counsel is well are of the limited circumstances in which a party should request reconsideration of a Court's ruling. Plaintiff respectfully submits that this case presents such a proper circumstance for reconsideration.

Plaintiff's Motion sought permission to serve a subpoena so that the John Doe defendant could be identified.  Only Defendant's Internet Service Provider ("ISP") can identify the subscriber and the address associated with the IP address that was used to infringe Plaintiff's copyrights. Without the subpoena, Strike 3 has no ability to stop the infringement of its works and pursue its legitimate protected copyright interests in this case.

Courts have granted requests for the issuance of such subpoenas when "good cause" is shown and Courts throughout the United States and this District have regularly granted such requests. *See* cases cited at p. 5, notes 4 & 5, *infra*. Indeed, this very Court has previously approved Motions such as the one filed by Plaintiff in this case. *See Good Man Productions, Inc. v. John Doe*, No. CV 14-cv-24568-FAM (S. D. Fla. March 19, 2015)(Moreno, J.)(Exhibit A), at pp. 3-4 *infra* and note 2. Plaintiff respectfully submits that the Court should reconsider its prior Order and permit the issuance of the subpoena to the ISP, so that the John Doe Defendant can be identified and this case can move forward.[1]

## II.   FACTS

Plaintiff filed its Complaint for copyright infringement against an unknown Defendant, identified only by his or her IP address 216.189.180.220, on June 29, 2018. Dkt. 1. Specifically, Plaintiff alleged that Defendant used the BitTorrent protocol to download and distribute over fifty of Plaintiff's copyrighted motion pictures over nearly a year. *See id.*   Plaintiff only knows the IP address associated with the infringements, but does not know the individual.

Indeed, only the Defendant's Internet Service Provider ("ISP") has that information. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, No. CV 16-1972, 2018 WL 650316, at *2 (4th Cir. Feb. 1, 2018) (noting "only the ISP can match the IP address to the subscriber's identity"); *Studio W. Prods., Inc v. Does 1-237*, No. CV 4:12-3690, 2013 WL 12158061, at *2 (S.D. Tex. Mar. 11, 2013) ("Plaintiff cannot proceed with claims without the discovery requested because the ISPs are the only entities that can identify the otherwise anonymous Defendants."). Hence, "[t]he only means of identifying the alleged infringer is by obtaining the subscriber information

---

[1] Similar Motions for Reconsideration were filed in connection with similar Orders issued by this Court in Case Numbers 18-cv-22647, 18-cv-22651, 18-cv-24470, 18-cv-24471, 18-cv-24483 and 18-cv-61491.

2

connected to the IP address from the [ISP]." *Voltage Pictures, LLC v. Doe 4*, No. CV 6:13-688-ORL-31, 2013 WL 3422970, at *1 (M.D. Fla. July 8, 2013). Because of this, Plaintiff filed its Motion, seeking leave to take early discovery from Defendant's ISP to identify Defendant.

On October 16, 2018 the Court summarily denied Plaintiff's Motion. Dkt. 5. The Court's order did not provide any explanation for the summary denial. *Id.*

### III. LEGAL STANDARD

Courts review a Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b). *Cf. Williams v. Geithner*, 327 F. App'x 175, 176 (11th Cir. 2009); 11 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2810.1 (3rd ed. 2018) ("Rule 59(e) does . . . include motions for reconsideration."). "While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). "In order to prevail on a motion for reconsideration, the moving party 'must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, No. CV 17-80305, 2018 WL 395382, at *4 (S.D. Fla. Jan. 12, 2018). This standard has been used by a Federal District Court to correct an erroneous ruling which prevented this same Plaintiff from serving the subpoena, to identify the John Doe Defendant, to be able to move forward with the case and protect its federal copyright. *See Strike 3 Holdings, LLC, v. Doe*, No. CV 18-774 (DWF/DTS), 2018 WL 4210202, at *1 (D. Minn. Sept. 4, 2018) (holding the magistrate's finding that good cause did not exist was "clearly erroneous" because the ISP is the

3

only party capable of identifying the defendant subscriber). Plaintiff respectfully submits that that it has met this standard for reconsideration of the Court's October 16 Order.

## IV.   ARGUMENT

The Court's denial of Strike 3's Motion, without explanation, ends any opportunity Plaintiff has to identify Defendant and stop the infringement of its motion pictures. *See id.* (noting that the magistrate's denial of expedited discovery was "dispositive" in nature). Plaintiff "cannot identify [Doe Defendant] without a court-ordered subpoena . . . ." *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012). Indeed, "there is no practicable means to obtain this information other than through the subpoena Plaintiff requests." *Malibu Media, LLC v. John Does 1-31*, 297 F.R.D. 323, 328 (W.D. Mich. 2012).

In a near identical case, this Court found that subpoenaing Defendant's Internet Service Provider so that Plaintiff may learn the Defendant's true identity is "common practice in Internet infringement cases because it is often the only practical means to identify an anonymous internet user and seek the protection of the court." *Good Man Productions, Inc. v. John Doe*, No. CV 14-cv-24568-FAM (S. D. Fla. March 19, 2015)(Moreno, J.) (citing *Voltage Pictures, LLC v. Doe 4*, No. CV 6: 1 3-688- Or1-31KRS, 2013 WL 342290 (M.D. Fla. July 8, 2013)) (Exhibit A). [2] Likewise, the Eleventh Circuit has held that "[u]sing detection methods it had used hundreds of times before, [Plaintiff] determined that the IP address apparently assigned to [Defendant] was the vehicle for the infringements and acted accordingly." *Malibu Media, LLC v. Pelizzo*, 604 F. App'x 879, 881 (11th Cir. 2015) (finding a plaintiff in a similar case did not act unreasonably in bringing a suit against an individual who used BitTorrent to infringe).

---

[2] *See also Malibu Media, LLC v. Doe*, No. CV 1:14-20218-FAM (S.D. Fla. Jan. 31, 2014) [CM/ECF 6] (Moreno, J.).

4

Congress enacted the Digital Theft Deterrence Act of 1999 to deter online infringement by increasing the penalties therefore. *See Sony v. Tennenbaum*, 660 F.3d 487, 497 (1st Cir. 2011) (citing the Congressional record and holding that non-commercial individuals commit infringement by distributing copyrighted works online). The Supreme Court has held file sharing of copyrighted works is infringement. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*. 545 U.S. 913, 125 S.Ct. 2764 (2005). Multiple circuit courts have opined that Rule 45 subpoenas may be used to identify online copyright infringers. *See In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005); *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010). "Inherent in the Act's purpose is that 'a copyright holder has always had the legal authority to bring a traditional infringement suit against one who wrongfully copies.' In the Internet Age, such suits 'have served as a teaching tool, making clear that much file sharing, if done without permission, is unlawful[,] and apparently have had a real and significant deterrent effect." *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1041 (9th Cir. 2018) (internal citations omitted).

The Register of Copyrights testified before Congress that entertainment companies have the right to sue for peer to peer infringement and they should not apologize for doing so.[3] Courts unanimously hold that Plaintiff's First Amendment right under the Petition clause to bring a suit for infringement outweighs any First Amendment right proffered by an alleged infringer. *See e.g., Sony Music Entertainment, inc. v. Does 1-40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004) (and the cases citing thereto).

---

[3] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary* 108th Cong. (2003) *available at* http://www.copyright.gov/docs/regstat090903.html.

The only way to enforce one's copyrights against online infringement is to subpoena the identity of the subscriber whose Internet was used to commit the infringement. Because of this, Courts across the country routinely grant motions like Plaintiff's Motion. *See e.g. Strike 3 Holdings, LLC, v. Doe*, No. CV 18-774 (DWF/DTS), 2018 WL 4210202, at *1 (D. Minn. Sept. 4, 2018). Plaintiff's Motion has been routinely granted in this District in other copyright cases dealing with John Doe defendants[4] and involving this same Plaintiff.[5] "Even if there is no ultimate

---

[4] *See e.g.*, *Plastic Movie Ltd. v. Doe*, No. CV 15-60692, 2015 WL 12843767 (S.D. Fla. Apr. 13, 2015) (Bloom, J.) (granting motion for leave to serve a third-party subpoena); *Plastic the Movie Ltd. v. Doe*, No. CV 15-60699, 2015 WL 12843214 (S.D. Fla. Apr. 14, 2015) (same); *Malibu Media, LLC v. John Doe subscriber assigned IP address 66.229.12.94*, No. CV 13-62239, 2013 WL 12145943 (S.D. Fla. Oct. 31, 2013) (Scola, J.) (same); *Plastic the Movie Ltd. v. Doe*, No. CV 15-21303, 2015 WL 12843759 (S.D. Fla. May 29, 2015) (same)*; Manny Film, LLC v. Doe*, No. CV 15-80306, 2015 WL 2411201 (S.D. Fla. May 20, 2015) (same); *Malibu Media, LLC v. Doe*, No. CV 14-23142-KMM, 2014 WL 12605503 (S.D. Fla. Sept. 29, 2014) (same); *Hard Drive Prods., Inc. v. Does 1-32*, No. CV 11-22206, 2011 WL 13223690 (S.D. Fla. Oct. 24, 2011) (denying motion to quash third-party subpoena); *Boy Racer, Inc. v. Doe*, No. CV 12-21099, 2012 WL 12886593 (S.D. Fla. June 15, 2012) (same).

[5] *See e.g.*, *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-61492-RNS (S.D. Fla July 31, 2018) [CM/ECF 10]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 1:18-22650-RNS (S.D. Fla Aug. 6, 2018) [CM/ECF 12]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-61495-CMA (S.D. Fla Aug. 7, 2018) [CM/ECF 8]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-61496-CMA (S.D. Fla Aug. 7, 2018) [CM/ECF 8]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 1:18-22641-RNS (S.D. Fla Aug. 7, 2018) [CM/ECF 10]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 9:18-80874-BB (S.D. Fla Aug. 7, 2018) [CM/ECF 8]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 9:18-80876-BB (S.D. Fla Aug. 7, 2018) [CM/ECF 8]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-61493-BB (S.D. Fla Aug. 7, 2018) [CM/ECF 9]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 1:18-22643-CMA (S.D. Fla Aug. 8, 2018) [CM/ECF 8]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 9:18-80880-RLR (S.D. Fla Aug. 13, 2018) [CM/ECF 11]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 9:18-80878-BB (S.D. Fla Aug. 14, 2018) [CM/ECF 8]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 9:18-80882-WPD (S.D. Fla Aug. 142018) [CM/ECF 9]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 9:18-80883-DMM (S.D. Fla Aug. 15, 2018) [CM/ECF 10]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 9:18-80873-DMM (S.D. Fla Aug. 15, 2018) [CM/ECF 10]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 9:18-80877-DMM (S.D. Fla Aug. 15, 2018) [CM/ECF 9]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 1:18-22552-RNS (S.D. Fla Aug. 20, 2018) [CM/ECF 10]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 9:18-80884-RLR (S.D. Fla. Aug. 20 ,2018) [CM/ECF 8]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 1:18-22645-MGC (S.D. Fla Aug. 21, 2018) [CM/ECF 9]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 1:18-22648-MGC (S.D. Fla Aug. 24, 2018) [CM/ECF 9]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-61494-KMW (S.D. Fla Aug. 29, 2018) [CM/ECF 9]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-61497-JEM (S.D.

liability, 'Plaintiff has a constitutional right to file a lawsuit to and engage in discovery to determine whether a defendant or someone using a defendant's IP address infringed on its protected works . . . ." *Khumba Film (PTY.), Ltd. v. Does 1-14*, No. CV 14-02075-WYD-MEH, 2014 WL 4494764, at *2 (D. Colo. Sept. 12, 2014) (citation omitted).

## V.     ADDITIONAL PROCEDURAL SAFEGUARDS

Some courts in this district have added procedural safeguards to protect the interests of the defendant. *See e.g. Strike 3 Holdings, LLC v. John Doe*, 18-cv-80873-DMM [Dkt. 10] (S. D. Fla. August 15, 2018) (requiring certain procedural safeguards for pro se defendants including notification prior to amending the complaint and serving)(Exhibit B). If the Court believes that those additional safeguards are required in order to authorize the issuance of the subpoena, Plaintiff is prepared to implement those safeguards. Plaintiff's proper purpose is to serve subpoena on the ISP, so that it is able to identify Defendant and proceed with its case.

## VI.    CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests that this Court reconsider its October 16 Order Denying Plaintiff's Motion and allow Plaintiff to subpoena Defendant's ISP to learn Defendant's identity so that it may proceed with its case. Alternatively, if the Court is unwilling, at this time, to grant Plaintiff permission to serve the subpoena, Plaintiff respectfully requests the Court to explain the reason for denying this request so that Plaintiff can submit any

---

Fla Sep. 18, 2018) [CM/ECF 7]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-61489-JEM (S.D. Fla Sep. 18, 2018) [CM/ECF 9]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-24438-CMA (S.D. Fla Nov. 5, 2018) [CM/ECF 6]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-24442-CMA (S.D. Fla Nov. 5, 2018) [CM/ECF 6]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-24443-CMA (S.D. Fla Nov. 5, 2018) [CM/ECF 6]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-62204-MGC (S.D. Fla Nov. 6, 2018) [CM/ECF 8]; *Strike 3 Holdings, LLC v. John Doe*, No. CV 18-24480-DPG (S.D. Fla Nov. 7, 2018) [CM/ECF 6].

additional explanation that the Court requires to establish any good cause that the Court deems to be lacking in its submission.

Finally, undersigned counsel is prepared to appear before the Court to answer any questions that the Court may have and which may have lead to the summary denial of the Motion.  Plaintiff believes that it has more than sufficiently met the good cause required for the issuance of the requested subpoena.  But, if the Court has doubts or questions about Plaintiff having met that standard, undersigned counsel is willing to address those doubts or concerns directly with the Court.

**Dated: November 8**, **2018**

Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

By:  /s/ *Joseph A. DeMaria*
**Joseph A. DeMaria, Esq., B.C.S.**
2 South Biscayne Boulevard
One Biscayne Tower, Suite 2750
Miami, FL 33131
Tel.: (305) 442-6540
jdemaria@foxrothschild.com

ACTIVE\77963016.v1-11/8/18